Robert L. Allum
350 Andrea Drive
Belgrade, MT 59714-8919
(406) 388-8866
(406) 388-9300 (fax)

In Proper Person

**FILED**

APR 2 2 2010

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, BUTTE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| ROBERT L. ALLUM | ) Cause No. CV -_/0_-_/6_-_BU_-_RFc_-_cso_ |
| | ) |
| Plaintiff, | ) COMPLAINT |
| | ) |
| vs. | ) and |
| | ) |
| STATE OF NEVADA, COUNTY OF | ) REQUEST FOR A JURY |
| WASHOE, MEALS-ON-WHEELS, | ) TRIAL |
| GALLAGER BASSETT SERVICES, INC., ) | |
| and DOES I - X, inclusive, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, the plaintiff, ROBERT L. ALLUM (hereinafter "Plaintiff"), in

proper person, and for claims for relief against the defendant, above named,

complains, alleges and avers as follows:

## INTRODUCTORY ALLEGATIONS

PARTIES

    1.  That at all times pertinent to this action, the plaintiff, ROBERT L. ALLUM, was and is a resident of the County of Gallatin, State of Montana.

    2.  That on or about November 10, 2008, the plaintiff, ROBERT L. ALLUM, was  visiting the City of Reno, County of Washoe, State of Nevada.

    3.  That at all times pertinent to this action, the defendant, STATE OF NEVADA (hereinafter "STATE OF NEVADA"), is, and was a sovereign state of the United States of America.

    4.  That at all times pertinent to this action, the defendant, COUNTY OF WASHOE (herinafter "COUNTY OF WASHOE"), is, and was, a political subdivision of STATE OF NEVADA, and legal and registered owner of the vehicle which struck the plaintiff.

    5.  That at all times pertinent to this action, the defendant, MEALS-ON-WHEELS (hereinafter "MEALS-ON-WHEELS"), is, and was, an entity operating under the legal authority of the Senior Services department of COUNTY OF WAHSOE, and whose employee, agent or representative was operating the motor vehicle, under the control of COUNTY OF WASHOE, in the due course and duties of their relationship with  MEALS-ON-WHEELS.

6. That at all times pertinent to this action, the defendant, GALLAGER BASSETT SERVICES INC. (hereinafter "GALLAGER BASSETT"), is, and was, a licensed insurance adjusting company located in the City of Las Vegas, State of Nevada. That GALLAGER BASSETT, was, at all times pertinent herein, in the employee/representative/agent relationship with, and under the direction of COUNTY OF WASHOE.

7. That at all times pertinent to this action, the defendant, DOE I (hereinafer "DOE I"), is a fictitious name of the person in control of the vehicle which struck Plaintiff on or about November 10, 2008 and whose true identity is unknown to Plaintiff at this time. The true name and capacity of said individual will be substituted as a party defendant upon her discovery by Plaintiff, and upon leave to amend this complaint.

8. That at all times pertinent to this action, the third-party defendants, DOES II-X, inclusive, are fictitious names of individuals, businesses , and other governmental entities, whose true identities are unknown to Plaintiff, at this time, and who may have liability to Plaintiff in this action. The true names and capacities will be substituted as parties defendant in this action upon their discovery by Plaintiff and upon motion of Plaintiff for leave to amend this complaint.

* * * *

FACTUAL ALLEGATIONS

9.  That Plaintiff was struck by a vehicle under the control of DOE I, while in the course of her duties and responsibilities as a vehicle delivery driver for MEALS-ON-WHEELS.

10.  That as a direct and proximate result of the actions of DOE I, Plaintiff suffered physical injuries requiring medical treatment.

11.  That Plaintiff is informed and thereon alleges that COUNTY OF WASHOE, engaged the services of GALLAGER BASSETT, to administer the claim of Plaintiff for the automobile accident on or about November 10, 2008.

12.  That GALLAGER BASSETT, after receiving the initial medical bills from Plaintiff, refused payment to the medical providers for their services rendered to Plaintiff.

13.  That GALLAGER BASSETT informed Plaintiff that COUNTY OF WASHOE will not pay any medical bills until Plaintiff's entire claim is settled.

14.  That Plaintiff is currently being threatened with lawsuits, and being sued in the Justice Court of the State of Montana in and for the County of Gallatin, in Case No. CV 2010-490, because of the refusal of GALLAGER BASSETT, and COUNTY OF WASHOE, to pay outstanding medical bills caused as a direct and proximate result the vehicle striking Plaintiff while under the control of DOE I while working

in the course and scope of her relationship with MEALS AND WHEELS.

15. That Plaintiff is currently being REFUSED MEDICAL SERVICES for the injuries sustained as a direct and proximate result of the automobile accident on or about November 10, 2008, because of the refusal of GALLAGER BASSETT, and COUNTY OF WASHOE, to pay outstanding medical bills which have been incurred as a result of the actions of DOE I.

16. That GALLAGER BASSETT informed Plaintiff that the decision of COUNTY OF WASHOE not pay any medical bills until the entire claim is settled is authorized by STATE OF NEVADA.

JURISDICTION AND VENUE

17. That this is a civil action arising an employee/agent/representative of a public entity striking the plaintiff with a motor vehicle, while under her control in the course and scope of her employment and the public entity litigants conspiring to create a dual caste system of public employees and officials and private individuals in which the public entity litigants are provided immunity and special treatment for actions, if committed by private individuals, would have no immunity or special treatment, thus violating: (1) the constitutionally guaranteed procedural due process rights of Plaintiff; (2) the constitutionally guaranteed substantive due process rights of Plaintiff; and (3) state and federal laws of insurance, bad faith, and equity. The

purpose of the foregoing conspiracy is to conduct economic warfare against private citizens, such as Plaintiff, and deprive the private citizen of medical treatment because of their financial situation and inability to pay for the needed medical treatment resulting from the tortuous acts of the members of the public entities including public officials, employees, agents and representatives; and thus, reducing the ability of the private citizen to prove the full extent of the physical injuries sustained at the hands of the co-conspirators.  This controversy is governed by 28 U.S.C. Section 1331 (federal question);   28 U.S.C. Section 1332 (diversity of citizenship); 28 U.S.C. Section 1343 (civil rights violation); 42 U.S.C. Section 1983 (violation of the Fourteenth Amendment "under color of law"); and various pendant state and federal laws governing insurance, tort liability and equity.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFF'S
### PROCEDURAL DUE PROCESS RIGHTS
(28 U.S.C. Section 1343)
(42 U.S.C. Section 1983)

Plaintiff, for his first and separate claim for relief, as to the above-named defendants, complains, alleges and avers:

18.  That Plaintiff realleges each and every allegation contained in paragraphs 1 through 17 as though fully set forth herein.

19.  That Plaintiff is informed and believes, and thereon alleges, that STATE

OF NEVADA, by virtue of its authority as a sovereign state, instituted a law in the Nevada Code authorizing its political subdivisions, including COUNTY OF WASHOE not to pay the medical expenses of private citizens, such as Plaintiff, thus depriving Plaintiff of his constitutional right to medical services for physical injuries suffered as a result of the automobile accident on or about November 10, 2008, until settlement was reached.

20.  That the actions of the defendants, as contained in paragraph 19, violates Plaintiff's federal due process rights to determine the amount of physical damage done to Plaintiff as a result of the tortuous acts of DOE I on or about November 10, 2008, and receive medical services to mitigate the physical damage, and establish medical evidence for the purposes of making Plaintiff whole in a court of law.

21.  That the actions of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, and GALLAGER BASSETT in refusing to pay the medical bills for medical services rendered to Plaintiff as a direct and proximate result of the acts of DOE I, on or about November 10, 2008, would amount to "insurance bad faith" if a private insurance carrier refused to pay the medical bills of a private citizen injured by the insurance carrier's insured.

22.  That as a direct and proximate result of the refusal of the above defendants to pay the medical bills of Plaintiff, PLAINTIFF HAS BEEN REFUSED MEDICAL

TREATMENT PRESCRIBED BY PLAINTIFF'S PRIMARY CARE PHYSICIAN.

Thus, impeding Plaintiff's procedural rights to health care and a full determination

of the physical injuries sustained by Plaintiff as a result of the tortuous acts of the

defendants on November 10, 2008. Plaintiff, because of the defendants' ongoing

refusal to pay the medical bill, is being deprived of medical services need to mitigate

the physical injuries sustained on or about November 10, 2008, and prepare to

prosecute the tortuous acts of the defendants in a court of law.

23. That the wilful, malicious, outrageous and reckless actions and the callous

indifference of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-

WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected

procedural due process rights of Plaintiff was done with the malicious and

unconscionable intention of furthering the dual caste system to grant immunity and

limit the financial exposure of the defendants for the tortuous acts of a fellow caste

system member (public official, employee, agent or representative of a public entity)

and to further intimidate and coerce members of the private sector, through economic

warfare, into submitting to the abuse at the hands of members of the public element

of the dual caste system.

24. That the willful malicious and outrageous actions of STATE OF

NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER

BASSETT, and DOE I in violating the federally protected procedural due process rights of Plaintiff was done with the intent of inflicting emotional and physical distress to Plaintiff (intentional infliction of emotional and physical distress).

25.   That the willful malicious and outrageous actions of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected procedural due process rights of Plaintiff was done with a total disregard for the possibilities of inflicting emotional and physical distress to Plaintiff (negligent infliction of emotional and physical distress).

26.   That Plaintiff has, in fact, suffered irreparable emotional and physical damage as a direct and proximate result of the willful, malicious, outrageous and reckless actions and callous indifference of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected procedural due process rights of Plaintiff.

27.   That as a direct and proximate result of the willful, malicious, and outrageous actions of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected procedural due process rights of Plaintiff, Plaintiff has suffered compensatory damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

28.  That Plaintiff is entitled to punitive damages as a means of punishing and deterring the willful, malicious, outrageous, and reckless actions and callous indifference of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected procedural due process rights of Plaintiff, in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

**SECOND CLAIM FOR RELIEF**
VIOLATION OF PLAINTIFF'S
SUBSTANTIVE DUE PROCESS RIGHTS
(42 U.S.C. Section 1983)

Plaintiff, for his second and separate claim for relief, as to the above-named defendants, complains, alleges and avers:

29.  That Plaintiff realleges each and every allegation contained in paragraphs 1 through 17 and 19 through 26 as though fully set forth herein.

30.  That Plaintiff, as a citizen of the United States of America and State of Montana, is protected by the Constitution of the United States of America and its Amendments.  That among the rights guaranteed by the Constitution is "rule of law", "equal protection of the law", "due process of law"; and are guaranteed to apply to the individual states through the Fourteenth Amendment.

31.  That Plaintiff is protected by the above enumerated "rights" in all fifty

states which comprise the United States of America, including the State of Nevada.

32.  That the defendants, above named, have violated Plaintiff's rights to the "rule of law" concept by creating the dual caste system of public and private citizens (as described above); and elevating public officials, employees, agents and representatives above the insurance, tort and common law, especially the concept of insurance "bad faith".

33.  That the defendants, above named, have violated Plaintiff's rights to the "equal protection of law" concept by creating the dual caste system of public and private citizens (as described above); and granting statutory immunity, statutory monetary limits on damages, and statutory authority not to pay medical claims until the injured private citizen capitulates to the oppressive arbitrary demands of the public side of the caste system in violation of "the theory of equal protection of law".

34.  That the defendants, above named, have violated Plaintiff's rights to the "due process of law" concept by creating the dual caste system of public and private citizens (as described above); and granting statutory immunity, statutory monetary limits on damages, and statutory authority not to pay medical claims until the injured private citizen capitulates to the oppressive arbitrary demands of the public side of the caste system by not receiving medical treatment to diagnose and treat the injuries of Plaintiff, nor obtaining "evidence" for introduction in to a court of law for

compensation to make Plaintiff whole from the injuries sustained in the November 10, 2010 automobile accident described above.

35. That as a direct and proximate result of the refusal of the above defendants to pay the medical bills of Plaintiff, Plaintiff has been refused medical treatment prescribed by Plaintiff's primary care physician and other treating physicians. Thus, denying Plaintiff's substantive rights to health care and a full determination of the physical injuries sustained by Plaintiff as a result of the tortuous acts of the defendants on November 10, 2008. Plaintiff, because of the defendants' ongoing refusal to pay the medical bill, is being deprived of medical services need to mitigate the physical injuries sustained on or about November 10, 2008, and to be made "whole" from the physical injuries sustained from the tortuous acts of the defendants.

36. That the wilful, malicious, outrageous and reckless actions and the callous indifference of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected substantive rights of Plaintiff, enumerated above, was done with the malicious and unconscionable intention of furthering the dual caste system to grant immunity and limit the financial exposure of the defendants for the tortuous acts of a fellow caste system member (public official, employee, agent or representative of a public entity) and to further intimidate and coerce members of the private sector, through economic

warfare, into submitting to the abuse at the hands of members of the public element of the dual caste system.

37.   That the willful malicious and outrageous actions of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected substantive rights of Plaintiff, enumerated above, was done with the intent of inflicting emotional and physical distress to Plaintiff (intentional infliction of emotional and physical distress).

38.   That the willful malicious and outrageous actions of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected substantive rights of Plaintiff, enumerated above, was done with a total disregard for the possibilities of inflicting emotional and physical distress to Plaintiff (negligent infliction of emotional and physical distress).

39.   That Plaintiff has, in fact, suffered irreparable emotional and physical damage as a direct and proximate result of the willful, malicious, outrageous and reckless actions and callous indifference of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected substantive rights of Plaintiff.

40.   That as a direct and proximate result of the willful, malicious, and

outrageous actions of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected substantive rights of Plaintiff, enumerated above, Plaintiff has suffered compensatory damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

41. That Plaintiff is entitled to punitive damages as a means of punishing and deterring the willful, malicious, outrageous, and reckless actions and callous indifference of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the federally protected substantive rights of Plaintiff, enumerated above, in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

**THIRD CLAIM FOR RELIEF**
PERSONAL INJURY TORT
(STATE LAWS)

Plaintiff, for his third and separate claim for relief, as to the above-named defendants, complains, alleges and avers:

42. That Plaintiff realleges each and every allegation contained in paragraphs 1 through 17, 19 through 26, and 30 through 35, as though fully set forth herein.

43. That on or about November 10, 2008, Plaintiff was struck by a vehicle under the control of DOE I, while in the scope and course of her employee with the defendants, MEALS-ON- WHEELS, COUNTY OF WASHOE, and STATE OF

BASSETT, and DOE I in violating the rights of Plaintiff was done with the intent of inflicting emotional and physical distress to Plaintiff (intentional infliction of emotional and physical distress).

55.   That the willful malicious and outrageous actions of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in violating the rights of Plaintiff was done with a total disregard for the possibilities of inflicting emotional and physical distress to Plaintiff (negligent infliction of emotional and physical distress).

56.   That Plaintiff has, in fact, suffered irreparable emotional and physical damage as a direct and proximate result of the willful, malicious, outrageous and reckless actions and callous indifference of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in refusing to pay the medical expenses resulting from the physical injuries sustained by Plaintiff, on or about November 10, 2008, resulting from the actions of DOE I.

57.   That as a direct and proximate result of the willful, malicious, and outrageous actions of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in refusing to pay the medical expenses, complained of above, of Plaintiff, Plaintiff has suffered compensatory damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

58. That Plaintiff is entitled to punitive damages as a means of punishing and deterring the willful, malicious, outrageous, and reckless actions and callous indifference of STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOE I in refusing to pay the medical expenses resulting from the physical injuries sustained by Plaintiff, on or about November 10, 2008, resulting from the actions of DOE of Plaintiff, in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

DEMAND FOR TRIAL BY JURY

59. Plaintiff is entitled to and hereby respectfully demands a jury trial of all issues in this proceeding.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against third-party defendants, STATE OF NEVADA, COUNTY OF WASHOE, MEALS-ON-WHEELS, GALLAGER BASSETT, and DOES I - X, inclusive, either jointly or severally, for relief, as follows:

1. That Plaintiff be awarded compensatory damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00) for each of the claims for relief.

2. That Plaintiff be awarded punitive damages in an amount in excess

of FIFTEEN THOUSAND DOLLARS ($15,000.00) for each of the claims for relief.

3. That Plaintiff be awarded the costs of this suit. And

4. That Plaintiff be granted such other and further relief as may be deemed just and proper in the premises.

DATED THIS ____22nd____ day of April, 2010.

ROBERT L. ALLUM
350 Andrea Drive
Belgrade, MT 59714-8919
(406) 388-8866
(406) 388-9300 (fax)
In Proper Person