IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| ROBERT L. ALLUM, | ) |
| | ) Cause No. CV-10-16-BU-RFC |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER ADOPTING FINDINGS |
| | ) AND RECOMMENDATION OF |
| STATE OF NEVADA, COUNTY | ) U.S. MAGISTRATE JUDGE |
| OF WASHOE, MEALS-ON- | ) |
| WHEELS, GALLAGHER | ) |
| BASSETT SERVICES, INC., and | ) |
| DOES I-X, inclusive. | ) |
| | ) |
| Defendant. | ) |
| | ) |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 15*) with respect to the Motion to Dismiss filed by Defendants Washoe County and Meals-on-Wheels. (*Doc. 7*).

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff has filed timely objections. (*Doc. 18.*) Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Plaintiff's

1

objections are overruled.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety. Venue in Montana is improper.

First, no named Defendant "resides" in Montana. *See* 28 U.S.C. § 1391 (b)(1). Plaintiff even alleges in his Complaint that all named Defendants are in Nevada. (*Doc. 1 at 2-3.*)

Second, "a substantial part of the events or omissions giving rise" to Plaintiff's claims did not occur in Montana. *See* 28 U.S.C. § 1391 (b)(2). The vehicle accident that precipitated this action occurred in Reno, Washoe County, Nevada and Washoe County engaged the services of Gallagher Bassett in Nevada to administer Plaintiff's claims. The fact that Plaintiff received medical treatment in Montana does not make venue in Montana proper. *See Jorgens v. P&V, Inc.*, 2007 WL 840309 at *2 (E.D. Cal. 2007); *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997).

Third, if there were not a district in which this action otherwise could be brought, any district in which any defendant "may be found" would be a proper venue under 28 U.S.C. § 1391(b)(3). In this case, Plaintiff could bring this action

only in the District of Nevada because all named defendants are there and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there.

When venue is improper, this Court has discretion to dismiss the case or transfer it. *See* 28 U.S.C. § 1406(a). Because Plaintiff has not advanced any argument on the issue and because the interests of justice do not mandate transfer, dismissal is appropriate.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (*Doc. 7*) is **GRANTED** and this case is **DISMISSED, WITHOUT PREJUDICE.**

The Clerk of Court shall notify the parties of the making of this Order, enter a judgment of dismissal, and close this case.

DATED this ___ day of December, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE